-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES MITCHELL,

                    Plaintiff,

                                          DECISION AND ORDER
          -v-                             05-CV-6169CJS(P)

MID-ERIE COUNSELING SERVICE, and
JULIE CURTIS, Senior Forensic Mental Health
Counselor,

                    Defendants.

---

## INTRODUCTION

Plaintiff Charles Mitchell has filed this *pro se* action seeking relief under 42 U.S.C. § 1983

(Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2).  Plaintiff

claims that the defendants, the Mid-Erie Counseling Service ("Mid-Erie") and Senior Forensic

Mental Health Counselor Julie Curtis ("Curtis"), have violated his constitutional rights.  He claims

that Curtis caused him to be violated on his parole release because she refused to advance him

through a rehabilitative program out of bias against him for his crime of conviction and for his

religion.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted,

and the complaint is dismissed.

## PLAINTIFF'S ALLEGATIONS

Plaintiff was released on parole on March 20, 2003.  He claims that he complied with the

conditions of his parole, including attending drug counseling and the Mid-Erie Sex Offender

Program ("Program").  Nevertheless, his parole officer took him into custody during an office report

on October 14, 2003 because he failed to advance from Phase One to Phase Two of the Program.

Plaintiff contends that Curtis told him that she had refused to advance him because he was "too

religious" and that he was not aware of his thinking errors. Further, he claims she told him that there

was nothing he could do to progress to Phase Two. At the parole revocation hearing, Curtis testified

that plaintiff should be returned to prison because he had not progressed in the Program. Plaintiff

argues that the hearing transcripts reveal Curtis' bias against sex offenders and her discrimination

against his religious beliefs. Further, she denied him an opportunity to rectify the lack of progress

despite the Program rules.

Plaintiff's parole was revoked and he was returned to prison for 18 months. He was released

on April 14, 2005. Plaintiff claims that Curtis' actions denied him liberty without due process and

impinged on his freedom of religion. He is seeking injunctive relief and punitive and compensatory

damages for what he views as an improper revocation of parole.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is

granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that

the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the

Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief. In evaluating the complaint, the Court must accept as true all factual allegations and must

draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).

Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-

2

46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted. Plaintiff's claims cannot go forward against either defendant.

## State Actors

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). In order to act under color of state law, a person must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). A deprivation of a federal or constitutional right is actionable pursuant to § 1983 when the deprivation was caused "by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 50, 108 S.Ct. at 2255. Here, however, plaintiff has named a private individual, Julie Curtis, and a private counseling service, Mid-Erie Counseling Service. Neither defendant is a "state actor" for the purposed of 42 U.S.C. § 1983, and, therefore, the claims against both defendants must be dismissed.

3

With respect to Mid-Erie Counseling Service, not only does plaintiff fail to allege that Mid-Erie is a state actor, plaintiff does not attribute any actions to this defendant. The complained-of actions are attributed to Curtis alone. Even assuming that Curtis is employed by Mid-Erie, plaintiff has not provided a basis by which Mid-Erie is personally involved in any alleged constitutional violation. Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). Nothing in the complaint demonstrates Mid-Erie's involvement in the claims. Mid-Erie is not a state actor for the purposes of § 1983, and there is nothing to indicate how Mid-Erie Counseling Service can be implicated in any claims herein other than as Curtis' employer. Accordingly, the claims against Mid-Erie are dismissed with prejudice.

With respect to the claims against Curtis, while, in some circumstances, it may be possible to establish that a private individual's actions were so closely aligned with the state's as to constitute state action, *see Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312-13 (2d Cir. 2003) (Private conduct can be fairly attributed to the state "only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself"), such is not the case here. While plaintiff alleges that Curtis' improper discrimination against his religion and crime of conviction resulted in his loss of liberty, plaintiff does not allege a "close nexus" between Curtis and the New York State Division of Parole sufficient to consider her a state actor for the purposes of liability under § 1983. Plaintiff alleges that Curtis' animus caused his return to prison, but it is clear that Curtis did not work for the state and it was the Parole Board that determined to revoke parole, not Curtis.

4

Furthermore, just because Curtis testified at the parole revocation hearing does not make her a state actor. "A witness testifying in a state court proceeding -- even if [she] is a state employee who has perjured [herself] -- has not acted under color of state law for purposes of § 1983." *McArthur v. Bell*, 788 F.Supp. 706, 710 (E.D.N.Y. 1992); *see Bennett v. Passic*, 545 F.2d 1260, 1263-1264 (10th Cir. 1976); *Bates v. New York City Transit Auth.*, 721 F.Supp. 1577, 1580 (E.D.N.Y. 1989) ("Plaintiff's claim is not based on what [the witness] did while clothed with his official authority as a transit police officer, but rather on actions that occurred while he was testifying at an examination before trial in a civil suit. A witness testifying in state court does not act under color of state law for purposes of 42 U.S.C. § 1983.") (citations omitted); *Warren v. Applebaum*, 526 F.Supp. 586, 587 (E.D.N.Y.1981) ("[W]itnesses at trial are not acting under color of state law and as a consequence, their false testimony cannot give rise to a cause of action under Section 1983."). Accordingly, plaintiff's claims against Curtis must be dismissed.

Further, while the deficient pleadings of *pro se* litigants that are amenable to cure through amendment generally are not dismissed without an opportunity to so amend, such leave may be denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). Here, any amendment of plaintiff's papers will not result in cognizable claims against either defendant under § 1983.

### Challenge to Parole Revocation

While 42 U.S.C. § 1983 provides an avenue to present federal claims alleging that a person acting under color of state law has deprived plaintiff of constitutional rights, when a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas

corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The United States Supreme Court recently discussed the parameters of the *Preiser* exception to § 1983 actions. *Wilkinson, et al. v. Dobson, et al.*, ___ U.S. ___, 125 S.Ct. 1242 (March 7, 2005). "Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 125 S.Ct. 1247 (discussing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997). "These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 125 S.Ct. at 1248.

In *Wilkinson*, the Court considered § 1983 claims brought by inmates who challenged "state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson)." *Id.* The Court found that the claims could go forward because neither of the claims would result in immediate release or speedier release, and that a favorable judgment would not necessarily demonstrate the invalidity of the plaintiffs' confinement. *Id.* Here, however, plaintiff is alleging that he was returned to state prison through a parole violation based on Curtis' improper discrimination against his crime of conviction and his religion. Success on this claim would necessarily demonstrate that plaintiff was improperly returned to state prison. Accordingly, the claim is barred. Plaintiff's sole avenue to challenge the parole proceeding would be by writ of habeas corpus.

Moreover, even if his claims were not otherwise barred, plaintiff has not set forth a constitutional claim regarding the revocation. In *Morrissey v. Brewer*, the United States Supreme Court set forth the minimum requirements of due process for parole revocation hearings. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Plaintiff does not allege that anyone at the Division of Parole denied him any of these requirements. Plaintiff's sole basis for challenging the parole revocation is the bias he attributes to the witness, Curtis. Constitutional allegations that a parole revocation proceeding violated a parolee's right to due process must challenge the proceedings themselves and not solely the testimony of the witness. *Threat v. Russi*, 784 F.Supp. 65 (W.D.N.Y. 1992). Plaintiff does not have a constitutional right to honest testimony. *Threat,* 784 F.Supp. at 65, 68. Thus, even if plaintiff's allegations are not barred, plaintiff has not set forth a constitutional claim.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and an opportunity to amend is denied as futile.

Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's complaint is dismissed with prejudice; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED:    June 27 , 2005
          Rochester, New York

8